UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE J. LOGAN, III** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-380** |
| **NEW ORLEANS PUBLIC BELT RAILROAD COMMISSION FOR THE PORT OF NEW ORLEANS** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Defendant New Orleans Public Belt Railroad Commission for the Port of New Orleans' ("Moving Defendant") Motion to Dismiss Improperly Named Defendants[1] and Plaintiff Eddie J. Logan, III's ("Plaintiff") Motion for Partial Dismissal Without Prejudice.[2] Moving Defendant is the only properly named defendant in this proceeding and moves to dismiss the claims improperly asserted against its predecessor entities, the Public Belt Railroad Commission for the City of New Orleans, a defunct political subdivision, and the New Orleans Public Belt Railroad Corporation, an inactive public non-profit corporation, with prejudice.[3] Plaintiff seeks to dismiss the improperly named defendants, without prejudice.[4] Considering the motions, the memoranda in support, the record, and the applicable law, the Court grants Moving Defendant's motion in part, denies Plaintiff's motion, and dismisses the claims against the improperly named defendants with prejudice. The Court declines to award attorney's fees and costs to Moving Defendant.

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 9.

[3] Rec. Doc. 6 at 1.

[4] Rec. Doc. 9 at 1.

1

# I. Background

On February 12, 2024, Plaintiff filed a complaint against New Orleans Public Belt Railroad Commission for the Port of New Orleans, New Orleans Public Belt Railroad Corporation, and Public Belt Railroad Commission for the City of New Orleans pursuant to the Federal Employers' Liability Act ("FELA").[5] The Complaint states that Plaintiff was employed by the named defendants as a switchman/conduct, and during said employment, Plaintiff was exposed to unsafe work conditions which allegedly led to several injuries.[6]

On May 16, 2024, Moving Defendant filed a Motion to Dismiss Improperly Named Defendants seeking dismissal of Public Belt Railroad Commission for the City of New Orleans, a defunct political subdivision, and the New Orleans Public Belt Railroad Corporation, an inactive non-profit corporation.[7] On June 4, 2024, Plaintiff filed an opposition to Moving Defendant's motion[8] and a Motion for Partial Dismissal Without Prejudice.[9] On June 7, 2024, Moving Defendant filed a reply memorandum in further support of its motion.[10] On June 18, 2024, Moving Defendant filed an opposition to Plaintiff's Motion for Partial Dismissal.[11]

# II. Parties' Arguments

### A.   *Moving Defendant's Arguments in Support of Dismissal with Prejudice*

Moving Defendant argues that Plaintiff cannot state a claim upon which relief can be

---

[5] Rec. Doc. 1.

[6] *Id.*

[7] Rec. Doc. 6.

[8] Rec. Doc. 8.

[9] Rec. Doc. 9.

[10] Rec. Doc. 10.

[11] Rec. Doc. 9.

granted against Defendants Public Belt Railroad Commission for the City of New Orleans (the "City Commission") and the New Orleans Public Belt Railroad Corporation the ("NOPBRC"), and they must be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6), or alternatively, Federal Rule of Civil Procedure 12(c).[12] Moving Defendant also argues that the Public Belt Railroad Commission for the City of New Orleans has not been properly served and should be dismissed under Federal Rule of Civil Procedure 12(b)(5).[13]

Moving Defendant contends that Louisiana statutory law directs that Moving Defendant is the only properly named defendant in Plaintiff's FELA claim.[14] Moving Defendant asserts that Plaintiff improperly named two former iterations of the public belt railroad as defendants – the City Commission and the NOPBRC.[15] Moving Defendant avers that the City Commission has not operated a railroad, owned any property, or employed any personnel since February 1, 2018, five years before Plaintiff's alleged accident.[16] Moving Defendant contends that the NOPBRC stopped operating a railroad and was divested of its property and employees on October 1, 2020, three years before Plaintiff's alleged accident.[17]

Alternatively, Moving Defendant argues that the City Commission should also be dismissed for lack of service under Federal Rule of Civil Procedure 12(b)(5).[18] Moving Defendant contends that Plaintiff attempted to serve an individual who he mistakenly identified as the CEO

---

[12] Rec. Doc. 6.

[13] *Id.*

[14] Rec. Doc. 6-1 at 1.

[15] *Id.* at 2.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 8.

of the City Commission.[19] Moving Defendant asserts that said individual is not a proper agent for service of process on the City Commission, and thus, the City Commission should be dismissed.[20]

Moving Defendant contends that it is entitled to attorney's fees and costs associated with the instant motion.[21] Moving Defendant asserts that this is not a situation in which Plaintiff mistakenly misnamed the intended defendant, rather, Moving Defendant states that Plaintiff attempted to serve the improper defendants twice after being advised that Moving Defendant was the only proper defendant.[22] Moving Defendant requests that this Court uses its inherent authority under Federal Rule of Civil Procedure 11(c)(3) or otherwise to impose attorney's fees and costs against Plaintiff.[23]

### B.   *Plaintiff's Arguments in Support of Dismissal without Prejudice*

In opposition to Moving Defendant's motion[24] and in a cross motion for partial dismissal,[25] Plaintiff requests that this Court dismiss the improperly named Defendants without prejudice. Plaintiff relies on *Elmo Lee, Jr. v. New Orleans Public Belt Railroad Commission for the Port of New Orleans*,[26] wherein Plaintiff states that the City Commission and NOPBRC were dismissed without prejudice on a similar motion.[27] Plaintiff contends that the parties disagreed on the

---

[19] *Id.*

[20] *Id.*

[21] *Id.* at 9.

[22] *Id.*

[23] *Id.*

[24] Rec. Doc. 8.

[25] Rec. Doc. 9.

[26] Case No. 24-342, Rec. Doc. 9. (E.D. La. May 30, 2024) (Fallon, J.).

[27] Rec. Doc. 9 at 1.

language to be included in the motion for dismissal which led to the current filings.[28]

C.  *Moving Defendant's Arguments in Further Support of Dismissal with Prejudice*

In its reply memorandum, Moving Defendant contends that Plaintiff had repeated opportunities to resolve this dispute amicably, but Plaintiff refused to dismiss the improperly named Defendants.[29] Moving Defendants asserts that in *Elmo,* the plaintiff did not file an opposition to a Rule 12(b)(6) motion, and the court granted the motion to dismiss.[30]

Moving Defendant asserts that it did not consent to Plaintiff's proposed motion to dismiss because it contained additional allegations and out-of-context excerpts which did not comply with the Local Rule or Federal Rule of Civil Procedure 41.[31]

Moving Defendant argues that dismissal with prejudice is appropriate since amendment would be futile.[32] Moving Defendant contends that the Complaint suffers an incurable defect because the Louisiana legislature enacted legislation establishing that the City Commission and the NOPBRC are not to be named as defendants in litigation after October 1, 2020.[33] Moving Defendants aver that Plaintiff's claims against the City Commission and NOPBRC should be dismissed with prejudice.[34]

---

[28] *Id.* at 3.

[29] Rec. Doc. 10.

[30] *Id.* at 2.

[31] *Id.*

[32] Rec. Doc. 13 at 2.

[33] *Id.*

[34] *Id.*

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[35] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[36] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[37] "Factual allegations must be enough to raise a right to relief above the speculative level."[38] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[39]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[40] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[41] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[42] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[43] The complaint need not contain detailed factual allegations, but it

---

[35] Fed. R. Civ. P. 12(b)(6).

[36] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[38] *Twombly*, 550 U.S. at 555.

[39] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[40] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[41] *Iqbal*, 556 U.S. at 678–79.

[42] *Id.* at 679.

[43] *Id.* at 678.

must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[44] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[45] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[46] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[47]

## IV. Analysis

Plaintiff and Moving Defendant have both filed motions to dismiss the claims against City Commission and NOPBRC. Plaintiff requests that the improper defendants be dismissed without prejudice and Moving Defendant requests that the improper defendants be dismissed with prejudice.

Plaintiff relies on *Elmo*,[48] stating that another judge in this District dismissed these same defendants without prejudice on a similar motion. However, this is an incorrect assertion. The court's order in *Elmo* does not specify whether the dismissal was with or without prejudice. Based on the defendant's request for dismissal with prejudice and the lack of opposition, it appears that

---

[44] *Id.*

[45] *Id.*

[46] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[47] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[48] Case No. 24-342, Rec. Doc. 9. (E.D. La. May 30, 2024) (Fallon, J.).

the court's granting of the motion resulted in a dismissal with prejudice.[49] As such, the Court rejects Plaintiff's argument.

As stated by Moving Defendant, all assets, rights, and properties of the City Commission were transferred to NOPBRC in 2018, and then to Moving Defendant in 2020.[50] Louisiana Revised Statute § 33:4535(B)(4) provides that "[a]ll further legal proceedings and pleadings in the continuation, disposition, and enforcement of the legal proceeding shall be in the name of the railroad commission, and the railroad commission shall be substituted for the original party, whether the original party is the Public Belt Railroad Commission for the city of New Orleans or the New Orleans Public Belt Railroad Corporation…" Moving Defendant is the only proper defendant for Plaintiff's claim pursuant to the FELA, and Plaintiff has failed to state claim against NOPBRC and the City Commission.

While Plaintiff asserts that NOPBRC and the City Commission should be dismissed without prejudice, dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6) are dismissals on the merits with prejudice.[51] The Court declines to award attorney's fees and costs to Moving Defendant as a sanction under Rule 11.

Accordingly,

**IT IS HEREBY ORDERED** that Moving Defendant's Motion to Dismiss[52] is **GRANTED IN PART**. Plaintiff's claims against New Orleans Public Belt Railroad Corporation and Public Belt Railroad Commission for the City of New Orleans are **DISMISSED WITH**

---

[49] *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993)("In fact, we presume that a dismissal is *with* prejudice 'unless the order explicitly states otherwise.'").

[50] La Rev. Stat. § 33:4534.

[51] *See Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977).

[52] Rec. Doc. 6.

**PREJUDICE**. The motion is **DENIED IN PART** to the extent that the Court declines to award attorney's fees and costs to Moving Defendant.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Dismissal Without Prejudice[53] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of July, 2024.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[53] Rec. Doc. 9.