UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE J. LOGAN, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-380** |
| **NEW ORLEANS PUBLIC BELT RAILROAD COMMISSION FOR THE PORT OF NEW ORLEANS, ET AL.** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court are Defendant New Orleans Public Belt Railroad Commission for the Port of New Orleans' ("NOPB") Motion to Strike[1] and Plaintiff Eddie J. Logan, III's ("Plaintiff") Motion for Leave to File Supplemental Memorandum.[2] This litigation arises from claims brought by Plaintiff pursuant to the Federal Employer's Liability Act.[3] Trial in this matter is currently scheduled for January 26, 2026. Considering the motions, the memoranda, the record, and the applicable law, the Court denies NOPB's Motion to Strike and grants Plaintiff's Motion for Leave to File Supplemental Memorandum.

### I. Background

On November 25, 2025, NOPB filed a Motion in Limine[4] to exclude the testimony of Alexander A. Nepa and Randolph Rice. On December 9, 2025, Plaintiff filed an opposition to the

---

[1] Rec. Doc. 62.

[2] Rec. Doc. 66.

[3] Rec. Doc. 1.

[4] Rec. Doc. 46.

1

motion.[5] On the same day, Plaintiff filed a supplemental memorandum in opposition to the motion, attaching an updated expert report from Dr. Rice.[6] On December 16, 2025, NOPB filed the instant Motion to Strike Plaintiff's supplemental memorandum and the updated expert report.[7] On December 30, 2025, Plaintiff filed the instant Motion for Leave to File Supplemental Memorandum.[8]

## II. Parties' Arguments

### A. *Motion to Strike*

In the Motion to Strike, NOPB moves to strike Plaintiff's supplemental memorandum and expert report.[9] NOPB argues that that the supplemental memorandum should be stricken because Plaintiff cannot file multiple oppositions to NOPB's motion without leave of Court.[10] NOPB further argues that the supplemental expert report should be stricken because there is no good cause for the Court to allow Plaintiff to file an untimely expert report, and Dr. Rice's opinions are unreliable.[11] NOPB explains that Dr. Rice's December 9, 2025 opinion is purportedly based on Plaintiff's earning statements from the New Orleans Police Department, however, Plaintiff did not produce his police department paystubs through November 29, 2025.[12] NOPB contends that Dr, Rice also relies on a December 8, 2025 email containing "additional data" and a revised "work

---

[5] Rec. Doc. 53.

[6] Rec. Doc. 56.

[7] Rec. Doc. 62.

[8] Rec. Doc. 66.

[9] Rec. Doc. 62.

[10] Rec. Doc. 62-1 at 1.

[11] *Id.*

[12] *Id.* at 8.

life," which was not produced.[13]

In opposition, Plaintiff contends that the December 9, 2025 report is not new, rather Dr. Rice updated his calculations to reflect Plaintiff's most recent earnings in anticipation of the upcoming trial.[14] Plaintiff explains that the supplemental memorandum merely identifies the December 9, 2025 report without setting forth new legal arguments.[15] Plaintiff further argues that Dr. Rice's opinions are reliable and admissible.[16] Plaintiff avers that questions related to the bases and sources of an expert's opinion should be left for the consideration of the finder of fact and affect the weight of the opinion rather than its admissibility.[17]

B.   ***Motion for Leave of Court to File Supplemental Memorandum***

Plaintiff requests leave of Court to file a supplemental memorandum in response to NOPB's motion in limine and the updated expert report from Dr. Rice.[18] Plaintiff reiterates that Dr. Rice's December 9, 2025 report is not new, rather Dr. Rice updated his calculations to reflect Plaintiff's most recent earnings in anticipation of trial.[19] Plaintiff states that the supplemental memorandum raises no new legal arguments.[20] Citing Federal Rule of Civil Procedure 15 regarding supplemental pleadings, Plaintiff asserts that he should be granted leave of Court to file

---

[13] *Id.* at 9.

[14] Rec. Doc. 65 at 2.

[15] *Id.*

[16] *Id.* at 6–7.

[17] *Id.* at 8.

[18] Rec. Doc. 66.

[19] Rec. Doc. 66-1 at 2.

[20] *Id.*

3

his supplemental memorandum and updated expert report.[21]

In opposition, NOPB argues Plaintiff has no good cause to allow him to supplement his opposition with an untimely expert report.[22] NOPB avers that Dr. Rice's expert testimony should be excluded for the same reasons set out in NOPB's Motion in Limine.[23] NOPB contends that Rule 15 does not apply to opposition memoranda, only pleadings.[24] NOPB avers that Plaintiff offered no explanation for failing to timely produce the new report, and the resources Dr. Rice relied upon were available before the expert deadline.[25] NOPB refutes the importance of the new expert report.[26] NOPB contends that allowing Plaintiff to supplement his opposition with a new expert report would be prejudicial, and a continuance would disrupt the trial date.[27]

### III. Law and Analysis

Federal Rule of Civil Procedure 26(a)(2)(D) provides that a party must disclose the identities of testifying expert witnesses and their written reports at the times and in the sequence that the court orders. If a party fails to provide information required by Rule 26(a) he is not allowed to use that information at trial unless the failure was "substantially justified" or is "harmless."[28] "The Fifth Circuit has provided four factors to analyze when determining whether a Rule 26 violation is substantially justified or harmless: (1) the explanation for the failure to

---

[21] *Id.* at 3–4.

[22] Rec. Doc. 72 at 1.

[23] Rec. Doc. 46.

[24] *Id.* at 4.

[25] *Id.* at 5.

[26] *Id.* at 6.

[27] *Id.* at 6–7.

[28] Fed. R. Civ. Pro. 37(c)(1).

identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[29]

Also applicable is Rule 26(e)(2), which permits supplementation of an expert report, but "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Under Rule 26(a)(3), "[w]hen the Scheduling Order is silent, supplemental reports are generally due 30-days pretrial."[30] The scheduling order in this case does not provide a deadline for supplemental reports.

The Court must determine the nature of Plaintiff's newly submitted expert reports:

> As a threshold issue, the Court must determine if Plaintiff's disclosures were supplemental or instead contain completely new information. If the disclosures were supplemental, then Rule 26's supplemental procedures will determine whether the disclosures are timely. If the disclosures were new, then they are governed by the discovery deadline in the Scheduling Order.[31]

Review of the updated expert report of Dr. Rice confirms that this report is a true supplement reflecting updates based on Plaintiff's more recent earnings. Therefore, the Court finds that the supplemental report should be allowed as permitted by Rule 26(e). The Court also finds that Plaintiff's supplemental response memorandum does not introduce new legal theories or arguments. Moreover, NOPB has not demonstrated any undue prejudice that would result from permitting the supplemental filings. The supplemental memorandum and report were filed on the exact same day as Plaintiff's original opposition to the Motion to Exclude Dr. Rice. Any argument

---

[29] *Logan v. Westfield Ins. Co.*, No. CV 17-29, 2020 WL 7007945, at *5 (W.D. La. Jan. 24, 2020) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

[30] *Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *3 (E.D. Tex. Sept. 22, 2021).

[31] *Id.* at *2.

5

related to the substance and admissibility of Dr. Rice's expert opinions will be addressed based on the pending Motion to Exclude.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Supplemental Memorandum[32] is **GRANTED**.

**IT IS FURTHER ORDERED** that NOPB's Motion to Strike[33] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  9th   day of January, 2026.

                                       **NANNETTE JOLIVETTE BROWN**
                                       **UNITED STATES DISTRICT JUDGE**

---

[32] Rec. Doc. 66.

[33] Rec. Doc. 62.